14-4185
Zhou v. Lynch

BIA
Wright, IJ
A201 133 804

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand sixteen.

PRESENT:
> JON. O. NEWMAN,
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

SHU PING ZHOU,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

14-4185
NAC

FOR PETITIONER: Troy Nader Moslemi, Flushing, New York.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; Dawn S. Conrad, Senior Litigation Counsel; Edward E.

Wiggers, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shu Ping Zhou, a native and citizen of China, seeks review of an October 28, 2014, decision of the BIA affirming a December 3, 2012, decision of an Immigration Judge ("IJ") denying Zhou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shu Ping Zhou,* No. A201 133 804 (B.I.A. Oct. 28, 2014), *aff'g* No. A201 133 804 (Immig. Ct. N.Y. City Dec. 3, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B);

2

*see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Zhou's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

The agency's adverse credibility determination was based on inconsistencies between Zhou's testimony and her statements at an asylum interview. Zhou challenges the reliability of this interview. An adverse credibility determination may be supported by the record of an asylum interview if the record contains a "meaningful, clear, and reliable summary of the statements made by [the applicant] at the interview." *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the asylum interview summary recorded the questions and answers, and so the IJ was justified in relying on it. *Diallo*, 445 F.3d at 632. Zhou also argues that her nervousness rendered her interview unreliable. We

have rejected "the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009); *cf. Diallo*, 445 F.3d at 631-32 (discussing lower scrutiny given to asylum interviews). A claim of feeling nervous, without more, does not make Zhou's asylum interview unreliable.

As the record of Zhou's asylum interview is reliable, the agency was entitled to consider inconsistencies between the interview and Zhou's testimony. At her interview, Zhou stated that, after her husband left China, she removed her IUD without permission. At her merits hearing, by contrast, she testified that family planning officials "agreed to remove the IUD." Zhou's explanation for this inconsistency, that she was nervous, did not actually explain why she was unable to provide accurate answers to the straightforward questions posed to her at the interview, and the agency was not compelled to credit it. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Another inconsistency involved Zhou's hearing testimony that she had requested sick leave "[o]nly [a] few times" during

4

the five or six months during her second pregnancy, and her statement at her asylum interview confirming that she "reappl[ied] for sick leave every week." The agency was not compelled to credit Zhou's explanation for this discrepancy: that she forgot what she had said previously but was testifying accurately. The record also supports the agency's observation that Zhou and her husband's testimony about Zhou's sick leave during her second pregnancy was "not particularly detailed."

The IJ also cited an inconsistency between Zhou's testimony that she received a reduced salary while on sick leave and her statement at her asylum interview that she received no salary. Zhou was not given an opportunity to address this inconsistency at her hearing. "[A]n IJ may not rest an adverse credibility finding on non-dramatic putative contradictions or incongruities in an alien's narrative without first giving the applicant a chance to reconcile the testimony." *Ming Shi Xue v. B.I.A.*, 439 F.3d 111, 125 (2d Cir. 2006).

Nonetheless, as the BIA determined, the totality of the circumstances outlined above supports the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. Given that determination, the agency properly considered Zhou's

lack of corroborating evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Zhou argues that the agency's corroboration determination was "conclusory" because specific evidence was not discussed in the agency's decisions. However, the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted). Zhou submitted country reports, birth certificates, a marriage certificate, a household register, family photos, a passport, and a letter from a friend that discussed Zhou's forced induction but not Zhou's second pregnancy. None of these documents rehabilitate Zhou's testimony regarding her second pregnancy.

In light of the inconsistencies discussed above and the lack of corroboration, the "totality of the circumstances" supports the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three forms of relief relied on the same factual predicate. *See Paul*

6

*v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.2(c).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk